**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Malcolm P. GARDNER and Herbert L. Stern, Jr., Defendants-Appellees.**

**No. 75–1327.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 14, 1975.

Decided Jan. 9, 1976.

**716**

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., Irving Jaffe, Robert S. Greenspan, Ronald R. Glancz, Civ. Div., Appellate Sect., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Jack B. Schmetterer, Mark Lieberman, Chicago, Ill., Charles T. McGorisk, John P. Jacobs, Plunkett, Cooney, Rutt, Wat-

ters, Stanszyk & Pedersen, Detroit, Mich., Seth H. Barsky, Southfield, Mich., for defendants-appellees.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and McALLIS-TER, Senior Circuit Judge.

PHILLIPS, Chief Judge.

The sole issue on this appeal is whether the United States, on the facts here presented, is barred from suing on its debt priority under 31 U.S.C. §§ 191 and 192[1] and by the statute of limitations set forth in 28 U.S.C. § 2415.[2] The District Court determined, *inter alia*, that the right of action accrued on the date of the company's default, and that the Government's suit is barred by the statute. We reverse and remand.

In 1966, Drillmation, Inc. (the Company) entered into two contracts with the Department of the Army for carbine bolts and flash suppressors. The Company encountered difficulties in proceeding with both contracts and eventually notified the Army on April 27, 1967, that it was unable to continue performance. The Government contracting officer then terminated the two contracts for default on May 19, 1967, and May 24, 1967, respectively. Pursuant to the standard "disputes clause"[3] of the contracts,

---

1. 31 U.S.C. § 191 provides in part as follows:

   Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied;

   . . . . .

   31 U.S.C. § 192 provides as follows:

   Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

2. 28 U.S.C. § 2415 provides in part as follows:

   (a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for mon-

ey damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later: *Provided* . . . .

3. 32 C.F.R. § 597.103–12(a) cites the standard dispute clause as follows:

   (a) Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. The decision of the Contracting Officer shall be final and conclusive unless, within 30 days of the receipt of such copy, the Contractor mails or otherwise furnishes

which provides for an administrative appeal from the decision of the contracting officer to the Armed Services Board of Contract Appeals (ASBCA), the Company appealed from the contracting officer's factual finding that it had defaulted on the contracts.

Between May and November 1967, the Company sold its unrelated Army assets and changed its name to Eight Mile Road Defense Contractors, Inc. (Eight Mile Inc.). All remaining assets of Eight Mile Inc. were surrendered to its lienholder, the American National Bank of Chicago, which after sale and satisfaction of its lien returned $170,528.43 to appellees as surplus. The appellees, officers of Eight Mile Inc., although aware of the obligation due the United States, distributed this amount to general creditors and did not pay any part of the indebtedness owed to the Government. On January 19, 1968, pending the appeal to the ASBCA, Eight Mile Inc. entered into a contract with the Government whereby the Army agreed not to put Eight Mile Inc. on certain Government lists and not to refer the debt to the General Accounting Office until 45 days after the ASBCA decision.[4] This

deferral agreement also provided that Eight Mile Inc. would pay the amount found owing by the ASBCA promptly within 45 days of the decision. Such payment, however, would be without prejudice to the contractor's right to move for reconsideration or to pursue other remedies available at law. The decision of the Appeals Board was handed down on April 10, 1969.

■ Subsequently, on November 6, 1973, the United States instituted this suit against the appellees, as fiduciaries of Eight Mile Inc., to hold them personally liable for distributing the funds in violation of their statutory duty under 31 U.S.C. § 192. The District Court held that the action was barred by the six year statute of limitations of 28 U.S.C. § 2415, finding that the right of action accrued on the date of default in May 1967.

The Government relies upon three grounds for reversal:

1) That the deferral agreement of January 19, 1968, constituted an independent contract to pay the claim, which was breached by the Company in 1969; therefore, the six year limitation period

---

to the Contracting Officer a written appeal addressed to ___ [*] ___. The decision of the ___ [*] ___, or his duly authorized representative (other than the Contracting Officer under this contract) for the determination of such appeals shall be final and conclusive if the amount involved in the appeal is $50,000 or less. If the amount involved exceeds $50,000 such decision shall be final and conclusive unless, within 30 days after receipt by the Contractor thereof, the Contractor furnishes to the Contracting Officer a written appeal addressed to the Secretary. The decision of the Secretary or his duly authorized representative for the determination of such appeals, or of the ___ [*] ___ in the case of appeals involving amounts of $50,-000 or less, shall be final and conclusive [1. unless determined by a court of competent jurisdiction to have been fraudulent, or capricious, or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence.] [2. to the extent permitted by U.S. law.] In connection with any appeal proceeding under this clause, the contractor shall be afforded

an opportunity to be heard and to offer evidence in support of his appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision.

(b) This "Disputes" clause does not preclude consideration of law questions in connection with decisions provided for in paragraph (a) above: *Provided,* That nothing, in this contract shall be construed as making final the decision of any administrative official, representative, or board on a question of law.

4. The Defense Department's regulations also provide for the maintenance of a "Hold-Up List", which is circulated to all governmental contracting agencies, and which alerts them to contractors whose payments should be held up and offset against existing debts. *See* 32 C.F.R. § 163.106–1; 32 C.F.R. § 163.86(e); 32 C.F.R. § 163.87.2; 32 C.F.R. § 163.122.

4 C.F.R. § 105.1 provides for referral to the General Accounting Office or to the Department of Justice.

had not run in 1973 when the Government filed this suit;

2) That, in any event, the deferral agreement was a contract to toll the statute of limitations during the pendency of the appeal to the ASBCA; and

3) Alternatively, that the Government's cause of action under 31 U.S.C. § 192 did not accrue until the defendants' payment of debts in violation of the Government's priority.

We agree with the first ground asserted by the Government. Therefore, it is not necessary to reach the other issues in disposing of this appeal.

28 U.S.C. § 2415(a) (n. 2) provides a six year period of limitations for suits "founded upon any contract express or implied in law or fact." The record demonstrates that the present action is a suit founded on a contract, viz, the deferral agreement entered into between the Company and the Government on January 19, 1968.

The deferral agreement provides in part as follows:

AGREEMENT BETWEEN

DRILLMATION COMPANY, INC. NOW KNOWN AS EIGHT MILE ROAD DEFENSE CONTRACTORS, INC.

1601 Wanda Avenue
Ferndale, Michigan 48220
and

THE DEFENSE SUPPLY AGENCY CAMERON STATION, ALEXANDRIA, VIRGINIA 22314

1. A Defense Supply Agency (DSA) Contracting Officer by formal decision has found that Drillmation Company, Inc. (Eight Mile Road Defense Contractors, Inc.), hereinafter referred to as the Contractor, owes the U. S. Government a total principal amount of $1,541,321.60 plus interest at the rate of 6% per annum as stipulated on the reverse hereof under Contracts DA 19–058–AMC–1509(W) and DA 19–058–AMC–1645(W).

2. The Contractor denies existence of such debt and has appealed the Contracting Officer's decision to the Armed Services Board of Contract Appeals (ASBCA).

3. The ASBCA has docketed the appeal as No. 12501 for Contract 1509(W) and 12579 for Contract 1645(W).

4. The Contractor agrees to pay to the DSA the amount, plus accrued interest, found due by reason of the ASBCA decision on the appeal, or if the appeal is dismissed by the Board without decision, the amount mentioned in paragraph 1 above. Such payment in either case shall be without prejudice to the Contractor's right to move for reconsideration or to pursue such other remedies at law as it may have. The Contractor further agrees to make such payment in full within 45 days of the date of the ASBCA decision or dismissal of the appeal or to make arrangements within that 45 day period to pay the amount on an installment basis within the bounds of the minimum requirement outlined in paragraph 5 below.

\* \* \* \* \* \*

6. The DSA agrees not to circulate the name of the Contractor on certain U.S. Government lists designed to effect settlement of accounts of recalcitrant debtors and agrees not to transfer the case to the U.S. General Accounting Office or the Department of Justice before 45 days after the ASBCA decision on the appeal is published and to do so then only if the Contractor fails to comply with paragraph 4 above or fails to fulfill any agreement reached under paragraph 5 above.

We hold that the District Court erred in ruling that the cause of action accrued prior to the execution of the deferral agreement, i. e., when the Government contracting officer terminated the construction contract for default.

This action is grounded on the deferral agreement. Paragraph 12 of the com-

plaint avers the execution of the deferral contract under which it was agreed "that the due date of said obligation would be postponed until 45 days after rulings of the Armed Services Board of Contract Appeals" and that, in consideration of the deferment of the claim, the Company agreed "to pay to the United States, within said 45 days whatever amount might be found due by said Armed Services Board of Contract Appeals, plus interest from June 22, 1967."

Paragraphs 23 and 24 of the complaint are as follows:

23. By virtue of the deferred-payment agreement which is described above in paragraph 12, the liability of $1,541,321.60, plus interest, assumed and acknowledged by Eight Mile, became due and payable, partly on May 25, 1969 and partly on May 26, 1969, 45 days after said rulings of said Board.

24. No part of said debt has been paid or collected, although payment has often been demanded.

WHEREFORE, the plaintiff prays judgment against the defendants, jointly and severally, for $170,528.43, interest thereon, and the costs of this action.

When Eight Mile Inc. failed to pay the Government within 45 days of the Board's decision pursuant to the terms of the deferral agreement, a new cause of action accrued under 28 U.S.C. § 2415. The deferral agreement was based on valuable consideration. Under paragraph six of the agreement, the Government agreed not to circulate the Company's name on a "list . . . of recalcitrant debtors" or "transfer the case to the U.S. General Accounting Office or the Department of Justice." The Company, on the other hand, agreed under paragraph four to pay the amount found owing by the ASBCA promptly within 45 days of the decision. However, such payment would not prejudice the contractor's right to file a civil action. The present action was filed within less than six years after the 45th day

following the Board's decision—May 26, 1969—and, accordingly, is not barred by limitation. It is well settled that:

If a debtor makes a new promise to his creditor to pay his existing debt, no bar having yet arisen, this promise is enforceable, being sufficiently supported by the existing legal duty of the promisor. . . . In such a case, the creditor's remedy on the new promise is not barred by statutory limitation until the lapse of the full period counting from the time of breach of this new promise. Such a promise extends the time for enforcement. 1A Corbin *Contracts*, 289.

The judgment of the District Court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion. The costs of this appeal are assessed against the appellees.